UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Tyrone Hill, | ) | CASE NO. 3:13cv2119 |
| | ) | |
| Petitioner, | ) | Judge Jeffrey J. Helmick |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | & ORDER |
| United States District Court | ) | |
| Northern District of Ohio, | ) | |
| | ) | |
| Respondent. | ) | |

Before me is *pro se* petitioner Tyrone Hill's petition for writ of mandamus/prohibition pursuant to 28 U.S.C. § 1651. (Doc. No. 1.) Petitioner is an inmate confined at the Federal Medical Center Devens in Ayer, Massachusetts and names the United States District Court for the Northern District of Ohio as Respondent. Petitioner asserts this Court has a duty to compel District Court Judge David A. Katz to follow relevant federal case law. He seeks injunctive relief as well as an order setting aside his conviction and releasing him from prison.

I. BACKGROUND

Petitioner was indicted in this Court by a grand jury on January 11, 2006. *See United States v. Hill*, No. 3:06CR710 (N.D. Ohio 2006)(Katz, J.). He was charged with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count 1), as well as using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count 2). On March 16, 2006, Petitioner entered a guilty plea to the charges. Although no plea agreement was drafted, the government orally agreed to delete the word "brandishing" a firearm from Count 2 in

1

exchange for Petitioner's plea of guilty. (Doc. No. 18.) The amendment reduced Petitioner's sentence on Count 2 from a mandatory 7-year consecutive term for "brandishing" a firearm, to a mandatory 5-year consecutive sentence for "using and carrying" a firearm. Judge Katz sentenced Petitioner, on July 17, 2006, to a total term of 262 months, which included 202 months for Count 1 and a consecutive sentence of 60 months for Count 2. (Doc. No. 24.)

On direct appeal to the Sixth Circuit, Petitioner argued his sentence was not fair and reasonable because it failed to account for the long-standing period during which he suffered from depression. Petitioner maintained his mental state entitled him to a sentence below the 262 to 327 month range recommended by the U.S. Sentencing Guidelines. The Sixth Circuit affirmed the district court's sentence, finding Petitioner's within-guideline sentence was accorded a rebuttable presumption of reasonableness, which he failed to show was unreasonable. *See United States v. Hill*, No. 06-4046 (6th Cir. Oct. 12, 2007) (Doc. No. 32).

On September 19, 2008, Petitioner filed a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. *See United States v. Hill*, No. 3:08CV2244 (N.D. Ohio 2008) (Doc. No. 38.) He argued, *inter alia,* that he received ineffective assistance of counsel. Judge Katz denied the Motion on December 8, 2008. (Doc. No. 44.) Petitioner then filed a timely Motion for Reconsideration, followed by a Notice of Appeal two days later, challenging the district court's denial of his § 2255 motion. (Doc. No. 47.)

Hill's motion for reconsideration was denied on January 6, 2009, and Judge Katz declined to issue a certificate of appealability. The Sixth Circuit granted a certificate of appealability solely on Petitioner's second § 2255 claim regarding whether trial counsel rendered ineffective assistance by advising Petitioner that he would receive a sentence of 113 months and not advising him of a potential 30-year sentence. Hill was denied a certificate of appealability on his remaining claims.

2

The Sixth Circuit affirmed in part and vacated in part the district court's denial of Petitioner's § 2255 motion. *See Hill v. United States*, No. 09-3005 (6th Cir. Dec. 30, 2010) (Doc. No. 69.) The matter was remanded to this Court to hold an evidentiary hearing on Hill's claim that counsel promised him a 113 month sentence.

After an evidentiary hearing was held on May 23, 2011, with testimony from Hill and his trial attorney, Judge Katz determined that Hill's assertions lacked credibility and were contradicted by the record. On June 27, 2011, he denied Petitioner's remanded motion to vacate, but granted him a certificate of appealability. (Doc. No. 80.) Hill filed a timely appeal on July 7, 2011. (Doc. No. 81.)

The Sixth Circuit affirmed the denial of Hill's § 2255 motion. *See Hill v. United States*, No. 11-3734 (6th Cir. July 13, 2012). He responded by filing a Motion for Reconsideration on August 26, 2013, asserting he was entitled to relief pursuant to Federal Civil Rule 60(d)(3) because "no doctrine of laches applies to timeliness for allegations of 'fraud upon the court by an officer of the court.'" *See Hill*, No. 3:06cr710 (Doc. No. 86.) Hill claims, in part, that Judge Katz's actions in the case were the result of willful blindness, bias, conspiracy, judicial usurpation of judicial power, subornation of perjury, and racial discrimination. *Id.* He requests Judge Katz be disqualified from hearing his Rule 60(d)(3) "civil" pleading. *Id.* The government has filed opposition to that pending motion.

In September 2013, Petitioner filed a pending Writ of Mandamus or Prohibition in the Sixth Circuit Court of Appeals. *See Hill v. United States District Court*, No. 13-4139 (6th Cir. 2013). The action is date stamped one day before he filed the Writ that is before this Court. Moreover, the two separate pleadings are identical.

Petitioner now argues he is entitled to mandamus relief because he never "waived the indictment" filed against him and he "proceeded without any plea agreement." *Hill*, No. 13-2119 (Doc. No. 1 at 2.) From this he presumes, without the benefit of any legal authority or judgment,

3

that Judge Katz was aware of these facts and, thus, committed "reversible error." *Id.* Hill believes Judge Katz's alleged "violations of controlling case law" create a "'duty' owed to him by this Honorable Court to take specific action, as required by the Federal Canons of Judicial Conduct 3(B)(3) and 3(B)(5)." (Doc. No. 1 at 5.) He seeks a "peremptory writ" restraining Judge Katz from engaging in any future acts of fraud without proof of jurisdiction. Further, he requests the Court issue a Show Cause Order as to why Judge Katz and the United States Attorney's Office in Toledo, Ohio should not permanently be restrained from "any further crimes, acts of fraud . . . or obstruction of justice/retaliation against the petitioner." (Doc. No. 1 at 6.)

## II. STANDARD OF REVIEW

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.[1] 28 U.S.C. § 1915A; *Onapolis v. Lamanna*, 70 F. Supp.2d 809 (N.D. Ohio 1999) (if prisoner's civil rights complaint fails to pass muster under

---

[1] The relevant statute provides in part:

> **(a) Screening**.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

4

screening process of Prison Litigation Reform Act (PLRA), district court should *sua sponte* dismiss complaint); *see Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see also Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

### III. ALL WRITS ACT, 28 U.S.C. § 1651

"It is well settled that the courts of the United States have the inherent and statutory (28 U.S.C. § 1651) power and authority to enter such orders as may be necessary to enforce and effectuate their lawful orders and judgments, and to prevent them from being thwarted and interfered with by force, guile, or otherwise." *Mississippi Valley Barge Line Co. v. United States*, 273 F. Supp. 1, 6 (E.D. Mo. 1967) (three-judge panel), *aff'd,* 389 U.S. 579 (1968). Section 1651 "has served since its inclusion, in substance, in the original Judiciary Act as a 'legislatively approved source of procedural instruments designed to achieve 'the rational ends of law.' " *Harris v. Nelson,* 394 U.S. 286, 299 (1969) (quoting *Price v. Johnston,* 334 U.S. 266, 282 (1948)). Thus, it serves as a tool for the court to adjudicate issues over which it otherwise enjoys subject matter jurisdiction. The Act does not create an independent source of federal jurisdiction. *Syngenta Crop Prot., Inc. v. Henson,* 537 U.S. 28, 31 (2002) (quoting 28 U.S.C. § 1651(a) and declaring the All Writs Act does not establish the original jurisdiction to support removal jurisdiction). Petitioner has not established that mandamus relief is necessary to enforce or effectuate any lawful order or judgment, thus preventing them from being thwarted and interfered with.

---

28 U.S.C. §1915A.

Petitioner maintains it is the duty of this Court to "dismiss charges, and release [him] from unlawful restraint." (Doc. No. 1 at 5.) Clearly, he is seeking an order to vacate his conviction. Hill has failed, however, to establish an independent basis for this Court's jurisdiction beyond his request for mandamus relief. I must presume he is not seeking relief pursuant to 28 U.S.C. § 2241 because his custodian is not named as the Respondent. *See* 28 U.S.C. § 2243 (district court shall direct a writ of habeas corpus "to the person having custody of the person detained.") Instead, he expressly requests that the Court immediately vacate his sentence and release him from prison. Federal prisoners like Petitioner, who claim a right to be released upon the ground that the court lacked jurisdiction to impose such a sentence, "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To file another § 2255 motion, however, Petitioner is required to first seek authorization from the Sixth Circuit, which he has not secured. *See* 28 U.S.C. § 2244(a) & 2255(h). Because Hill has not specifically asserted this Court's jurisdiction pursuant to 28 U.S.C. § 2255, I decline to construe it as such. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002) (citing *Adams v. United States*, 155 F.3d 582, 584 (2nd Cir. 1998)). Without setting forth an independent basis for the Court's subject matter jurisdiction, Hill's petition for writ of mandamus cannot proceed. *See e.g. Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998) ("Without jurisdiction, court cannot proceed at all in any cause; jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to court is that of announcing the fact and dismissing cause.") (citation omitted).

Petitioner has not demonstrated a clear and indisputable right to mandamus relief. *Kerr v. United States District Court*, 426 U.S. 394, 403 (1976). Furthermore, he is currently seeking an alternative remedy to secure his desired relief in the Sixth Circuit Court of Appeals. *Id.* (as

6

precondition to issuance of the writ, petitioner must establish he has no alternative remedy). Thus, Petitioner has failed to establish any entitlement to mandamus relief from this Court.

## CONCLUSION

For the foregoing reasons, the Petition is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies that an appeal from this decision could not be taken in good faith.[2]

**So Ordered**.

    s/Jeffrey J. Helmick
*United States District Judge*

---

[2]  28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."